UNITED STATES DISTRICT COURT
FOR DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| STATE OF MINNESOTA<br>by its Attorney General,<br>Mike Hatch, | )<br>)<br>) | CIVIL NO. 04-3213<br>DSD/SRN |
| Plaintiff, | )<br>) | |
| vs. | )<br>) | **COMPLAINT** |
| BROOKDALE MOTOR SALES INC.<br>d/b/a LUTHER BROOKDALE BUICK PONTIAC<br>GMC, | )<br>)<br>)<br>) | |
| Defendant. | ) | |

The State of Minnesota, by its Attorney General, Mike Hatch, alleges as follows:

**INTRODUCTION AND PARTIES**

1. Defendant Brookdale Motor Sales Inc. d/b/a Luther Brookdale Buick Pontiac GMC ("Luther Brookdale") mailed credit solicitations offering automobile loans which purported to be from or approved by the United States Bankruptcy Court and the State of Minnesota to over twelve thousand Minnesota consumers with discharged bankruptcies and credit scores of 500 or higher. The advertisements violated the Fair Credit Reporting Act, 15 U.S.C.A. § 1681a, et. seq., ("FCRA") and Minnesota consumer protection laws.

2. Mike Hatch, the Attorney General of the State of Minnesota, is expressly empowered to file actions in United States District Court to enjoin violations of and enforce compliance with FCRA by 15 U.S.C.A. § 1681s(c)(1), which states:

> In addition to such other remedies as are provided under State law, if the chief law enforcement officer of the State, or an official or agency designated by a State, has reason to believe that any person has violated or is violating this subchapter, the State:
>
> (A)   may bring an action to enjoin such violation in any appropriate United States district court or in any other court of competent jurisdiction;

SCANNED
JUL 1 5 2004
U.S. DISTRICT COURT ST. PAUL

(B)   may bring an action on behalf of the residents of the State to recover:

\*\*\*\*

    (iii)   damages of not more than $1,000 for each willful or negligent violation; and

(C)   in the case of any successful action under subparagraph (A) or (B), shall be awarded the cost of the action and reasonable attorney fees as determined by the court.

3.   The Attorney General of the State of Minnesota is also authorized under Minn. Stat. chapter 8, including Minn. Stat. §§ 8.01, 8.31, 8.32 and under Minn. Stat. §§ 325F.67 and 325F.70 and has common law authority, including *parens patriae* authority, to bring this action on behalf of the State of Minnesota and its citizens, to enforce Minnesota's consumer protection laws.

4.   Luther Brookdale is a Minnesota corporation doing business in the State of Minnesota as an automobile dealership under an assumed name and located at 8188 Brooklyn Boulevard, Brooklyn Park, Minnesota 55445.

## JURISDICTION

5.   This Court has jurisdiction over this matter pursuant to 15 U.S.C.A. § 1681p and 28 U.S.C.A. §§ 1331 and 1367.

## VENUE

6.   Under 28 U.S.C.A. §1391 (b), venue in the District of Minnesota is proper because the defendant is located within the district and a substantial part of the events giving rise to the claims alleged herein occurred within the district.

## NOTICE

7.   The State has provided the Federal Trade Commission with prior written notice of this action and a copy of this Complaint pursuant to 15 U.S.C.A. § 1681s (c) (2).

## LUTHER BROOKDALE MAILED DECEPTIVE SOLICITATIONS PURPORTING TO BE FROM OR APPROVED BY THE U.S. BANKRUPTCY COURT TO CONSUMERS THAT HAVE FILED FOR BANKRUPTCY

8. In August of 2003, Luther Brookdale obtained the names of Minnesota consumers in its sales region who had filed for bankruptcy from the United States Bankruptcy Court filings. Luther Brookdale sent a direct mailing advertisement to approximately 12,500 of these consumers with discharged bankruptcies. The mailings purported to be a check from the "AUTOMOBILE FINANCIAL DEPARTMENT" of the "UNITED STATES BANKRUPTCY COURT." The fake check stated the consumer had been "**APPROVED**" by the "MAIN OFFICE OF DISBURSEMENT" of the United States Bankruptcy Court for "AUTO FINANCING CONFIRMATION ISSUED UP TO FULL AMOUNT" and authorized a credit disbursement of a specified amount to each consumer for purposes of purchasing an automobile from Luther Brookdale's dealership. In fact, the United States Bankruptcy Court had no knowledge of Luther Brookdale's solicitations. A copy of the advertisement is attached hereto as Exhibit A.

9. Luther Brookdale's advertisements also falsely implied that the State of Minnesota was endorsing the financing available to purchase a car from Luther Brookdale's dealership. Luther Brookdale attached a false legal document to the fake check, entitled, "*Certificate of Authenticity*" and wrote a letter to the consumer on the false legal document under a picture of the State Capitol. The letters to consumers began with the following:

> The State of Minnesota guarantees fair and reasonable financing according to the Usury Codes enacted by the General Assembly.

In fact, the State had no knowledge of and did not approve Luther Brookdale's solicitations.

10. Luther Brookdale also created a false sense of scarcity in its mailing by telling consumers there were only 37 automobile loans to be made available to families in Minnesota

3

with the alleged State of Minnesota's guarantee of "fair and reasonable financing." Luther Brookdale attempted to bolster its claim of scarcity and the alleged tie between the available financing and the State by falsely claiming that Luther Brookdale could not make the offer to more than 37 Minnesota consumers "[d]ue to budget restraints and cutbacks." In fact, there was no limit on the number of loans available to the consumers who responded to the mailings, provided they qualified pursuant to Luther Brookdale's lenders' underwriting criteria. There was also no tie between State "budget restraints and cutbacks" and the number of loans Luther Brookdale's lenders would underwrite.

11.     Luther Brookdale's advertisements also falsely implied that only Minnesota consumers to whom the advertisements were sent were eligible to receive financing with rebates up to $3,000, 0% financing, and $0 down. In fact, such terms were generally available to any customer who qualified for financing from Luther Brookdale's lenders.

12.     Finally, Luther Brookdale's advertisements falsely conveyed a sense of urgency by stating the financing for purchasing an automobile from the dealerships was available for **"THIS WEEK ONLY."** In fact, it was available whenever consumers who qualified for the financing chose to purchase a car from Luther Brookdale's dealership.

### LUTHER BROOKDALE USED CREDIT REPORTS OBTAINED WITHOUT AUTHORIZATION, WITHOUT MAKING A "FIRM OFFER OF CREDIT" AND WITHOUT PROVIDING CONSUMERS WITH THE REQUIRED DISCLOSURES IN VIOLATION OF FCRA

13.     After obtaining the names of Minnesota consumers with discharged bankruptcies, Luther Brookdale then prescreened the consumers by obtaining a list of those that had a minimum "beacon score" or credit rating above 500 from a credit reporting agency. According to FCRA, obtaining a prescreened list of consumers above a minimum "beacon score" or credit rating is obtaining a "consumer report" with respect to the consumers and, therefore, its use is

4

regulated by the Act. *See* 15 U.S.C.A. § 1681a (d) (1) (2002) (defining "consumer report" as "any information bearing on credit worthiness").

14. Luther Brookdale used the prescreening process to weed out consumers with a credit rating of below 500, sending the advertisement and credit solicitation only to consumers who had credit ratings of 500 or above.

15. The consumers did not initiate a transaction with Luther Brookdale or give Luther Brookdale authorization to obtain any information with respect to their credit. Thus, under FCRA, Luther Brookdale was prohibited from obtaining and using "any information bearing on their credit worthiness" unless it was making a "firm offer of credit." 15 U.S.C.A. § 1681b (a) and (c) (2002).

16. FCRA defines a "firm offer of credit" as:

any offer of credit ... that will be honored if the consumer is determined, based on information in a consumer report..., to meet the specific criteria used to select the consumer for the offer, except that the offer may be further conditioned on one or more of the following:

   (1)   The consumer being determined, based on information in the consumer's application for the credit..., to meet specific criteria bearing on credit worthiness ..., as applicable, that are established -

         (A)   before selection of the consumer for the offer; and

         (B)   for the purpose of determining whether to extend credit ... pursuant to the offer.

\*\*\*\*

15 U.S.C.A. § 1681a (*l*) (2003).

17. Luther Brookdale's solicitations were not "firm offers of credit." They were offers to find financing for consumers who purchased automobiles from Luther Brookdale's dealership. The only specific criteria used to select the consumers for the offer were that the consumers' bankruptcies were discharged and they had a credit score of at least 500. Upon

response, however, Luther Brookdale had to "shop the loan" among various subprime lenders to obtain financing. Luther had to obtain the consumer's actual credit score to set the interest rate its lenders would offer the consumer on the loan, rates which varied depending on the consumer's credit score and the lender. In short, the offers were far from "firm." Instead, Luther Brookdale used consumers' credit information without their authorization for direct marketing of its automobiles. Luther Brookdale's actions violated 12,500 Minnesota consumers' financial privacy and as such, were specifically prohibited by FCRA.

18. Further, Luther Brookdale's advertisement and credit solicitation failed to contain the disclosures that FCRA requires be made anytime a person is using a consumer report for a credit transaction not initiated by the consumer, which includes a "firm offer of credit." 15 U.S.C.A. § 1681m (d) (1) (2002). For example, Luther Brookdale did not tell consumers (among other required disclosures) that it had pulled their consumer reports without their authorization for purposes of sending them the solicitation, that the consumer might not qualify for the financing even if they did respond, or that the consumer has the right to prohibit Luther Brookdale from obtaining their consumer reports for transactions that they do not initiate. Regardless of whether the solicitation is found to be a "firm offer of credit," Luther Brookdale violated FCRA.

19. Luther Brookdale either knew and purposely disregarded, or should have known and was therefore negligent, in its failure to comply with the requirements of FCRA when it obtained and used Minnesota consumer reports without authorization in connection with a solicitation.

## COUNT I: FAIR CREDIT REPORTING ACT

20. Plaintiff restates and realleges all prior paragraphs of this Complaint.

6

21.  15 U.S.C.A. § 1681a (d) (1) defines a "consumer report" as:

any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for - -

(A)  credit or insurance to be used primarily for personal, family, or household purposes;

(B)  employment purposes; or

(C)  any other purpose authorized under section 1681b of this title.

22.  15 U.S.C.A. § 1681b, subsections (a) & (c) set forth the "permissible purposes of consumer reports." It provides that a consumer report may only be furnished when the user "intends to use the information in connection with a credit transaction … and involving the extension of credit to… the consumer" in a "transaction that is not initiated by the consumer *only if--*"

(A) the consumer authorizes the agency to provide such report to such person; or

(B)  (i) the transaction consists of a firm offer of credit or insurance;

(ii) the consumer reporting agency has complied with subsection (e) of this section; and

(iii) there is not in effect an election by the consumer, made in accordance with subsection (e) of this section, to have the consumer's name and address excluded from lists of names provided by the agency pursuant to this paragraph.

(emphasis added). 15 U.S.C.A. § 1681b, subsection (e) provides that a consumer may elect to be excluded from any lists provided by credit reporting agencies to companies that wish to use the consumer's information for "firm offers of credit or insurance."

23.  FCRA defines a "firm offer of credit" as:

any offer of credit … that will be honored if the consumer is determined, based on information in a consumer report…, to meet the specific criteria used to select the

7

consumer for the offer, except that the offer may be further conditioned on one or more of the following:

> (1) The consumer being determined, based on information in the consumer's application for the credit..., to meet specific criteria bearing on credit worthiness ..., as applicable, that are established -
>
>> (A) before selection of the consumer for the offer; and
>>
>> (B) for the purpose of determining whether to extend credit ... pursuant to the offer.
>
> \*\*\*\*

15 U.S.C.A. § 1681a (*l*) (2003).

24. 15 U.S.C.A. § 1681m, subsection (d) (1) & (2) set for the required disclosures that must be placed on every credit solicitation which constitutes a "firm offer of credit." It states that users of consumer reports making firm offers:

> (1) ... shall provide with each written solicitation made to the consumer regarding the transaction a clear and conspicuous statement that -
>
> (A) information contained in the consumer's consumer report was used in connection with the transaction;
>
> (B) the consumer received the offer of credit or insurance because the consumer satisfied the criteria for credit worthiness or insurability under which the consumer was selected for the offer; "creditworthiness".
>
> (C) if applicable, the credit or insurance may not be extended if, after the consumer responds to the offer, the consumer does not meet the criteria used to select the consumer for the offer or any applicable criteria bearing on credit worthiness or insurability or does not furnish any required collateral;
>
> (D) the consumer has a right to prohibit information contained in the consumer's file with any consumer reporting agency from being used in connection with any credit or insurance transaction that is not initiated by the consumer; and
>
> (E) the consumer may exercise the right referred to in subparagraph (D) by notifying a notification system established under section 1681b(e) of this title.

(2) Disclosure of address and telephone number

A statement under paragraph (1) shall include the address and toll-free telephone number of the appropriate notification system established under section 1681b(e) of this title.

25.  By obtaining information bearing on consumers' credit worthiness without consumers' authorization, not in connection with a credit transaction initiated by the consumers and without complying with the Fair Credit Reporting Act's (FCRA's) requirements for firm offers of credit, Luther Brookdale willfully violated the FCRA. Luther Brookdale's actions constitute 12,500 violations of the Fair Credit Reporting Act.

### COUNT II: UNIFORM DECEPTIVE TRADE PRACTICES

26.  Plaintiff re-alleges all prior paragraphs to this Complaint.

27.  Minn. Stat. § 325D.44, subdivision 1 provides, in part that:

Subdivision 1. A person engages in a deceptive trade practice when, in the course of business, vocation, or occupation, the person:

(2)  causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

(3)  causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another;

(5)  represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have;

(13) engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding.

28.  By representing or causing the likelihood of confusion or misunderstanding that Luther Brookdale's automobile financing solicitations were from, sponsored, approved or certified by, or associated or connected with the United States Bankruptcy Court and the State of Minnesota, and that Luther Brookdale's automobile financing offers were scarce, limited only to those who received the mailing or required an immediate response, in a solicitation sent to

Minnesota consumers who had discharged bankruptcies, Luther Brookdale's conduct described above constitutes 12,500 separate violations of Minn. Stat. § 325D.44, subd. 1 (2), (3), (5) and (13) (2002).

### COUNT III: FALSE ADVERTISING

29.     Plaintiff re-alleges all prior paragraphs of this Complaint.

30.     Minn. Stat. § 325F.67 provides, in part, that:

Any person, firm, corporation, or association who, with intent to sell or in anywise dispose of merchandise, securities, services, or anything offered by such person, firm, corporation, or association, directly or indirectly, to the public, for sale or distribution, or with intent to increase the consumption thereof, or to induce the public in any manner to enter into any obligation relating thereto, or to acquire title thereto, or any interest therein, makes, publishes, disseminates, circulates, or places before the public, or causes, directly or indirectly, to be made, published, disseminated, circulated, or placed before the public, in this state, in a newspaper or other publication, or in the form of a book, notice, handbill, poster, bill, label, price tag, circular, pamphlet, program, or letter, or over any radio or television station, or in any other way, an advertisement of any sort regarding merchandise, securities, service, or anything so offered to the public for use, consumption, purchase, or sale, which advertisement contains any material assertion, representation, or statement of fact which is untrue, deceptive, or misleading, shall, whether or not pecuniary or other specific damage to any person occurs as a direct result thereof, be guilty of a misdemeanor, and any such act is declared to be a public nuisance and may be enjoined as such.

31.     By disseminating an advertisement that contained deceptive or misleading representations that Luther Brookdale's automobile financing solicitations were from or approved by the United States Bankruptcy Court and the State of Minnesota and that Luther Brookdale's offers were scarce, limited only to those who received the mailing or required an immediate response to Minnesota consumers who had discharged bankruptcies with an intent to sell their automobiles, Luther Brookdale's conduct described above constitutes 12,500 violations of Minn. Stat. § 325F.67 (2002).

## COUNT IV: CONSUMER FRAUD

32.  Plaintiff re-alleges all prior paragraphs of this Complaint.

33.  Minn. Stat. § 325F.69, subd. 1 provides that:

The act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is enjoinable as provided herein.

34.  By using false pretenses, misrepresentations, and/or misleading statements that Luther Brookdale's automobile financing solicitations were from or approved by the United States Bankruptcy Courts and the State of Minnesota, that Luther Brookdale's offers were scarce, limited only to those who received the mailing or required immediate response in an advertisement sent to Minnesota consumers who had discharged bankruptcies, Luther Brookdale's conduct described above constitutes 12,508 violations of Minn. Stat. § 325F.69, subd. 1 (2002).

## RELIEF

WHEREFORE, Plaintiff, the State of Minnesota, by its Attorney General, Mike Hatch, respectfully asks this Court to award judgment against Defendant Brookdale Motor Sales Inc. d/b/a Luther Brookdale Buick Pontiac GMC:

I.  Declaring that defendant's acts described in this Complaint constitute multiple, separate violations of Minn. Stat. § 325D.44, subd. 1, § 325F.67, and § 325F.69, subd. 1, and the Fair Credit Reporting Act, 15 U.S.C.A. § 1681a, et. seq.

II.  Enjoining defendant and its employees, officers, directors, agents, successors, assignees, affiliates, merged or acquired predecessors, parent or controlling entities, subsidiaries,

and all other persons acting in concert of participation with them, from sending advertisements and/or credit solicitations which:

(A)   contain misrepresentations, misleading statements, or create the likelihood of confusion or misunderstanding that defendants' automobile financing offers are from or approved by the United States Bankruptcy Court and/or the State of Minnesota;

(B)   contain misrepresentations, misleading statements, or create the likelihood of confusion or misunderstanding that the automobile financing being offered is available only to a specified and limited number of consumers, when it is not;

(C)   contain misrepresentations, misleading statements, or create the likelihood of confusion or misunderstanding that the automobile financing being offered is available for a limited time, when it is not;

(D)   or violates in any other way Minn. Stat. § 325D.44, subd. 1, § 325F.67, § 325F.69, subd. 1.

III.   Enjoining defendant and its employees, officers, directors, agents, successors, assignees, affiliates, merged or acquired predecessors, parent or controlling entities, subsidiaries, and all other persons acting in concert of participation with them, from obtaining credit ratings or any other information within the definition of "consumer reports" as set forth in 15 U.S.C.A. § 1681a (d) (1) for purposes of determining which consumers to send credit solicitations, without complying with the requirements of the Fair Credit Reporting Act 15 U.S.C.A. § 1681a, et. seq.

IV.   Awarding judgment against defendant for civil penalties pursuant to Minn. Stat. § 8.31, subd. 3 for each separate violation of Minn. Stat. § 325D.44, subd. 1, § 325F.67, and § 325F.69, subd. 1.

V.   Awarding judgment against defendant for damages pursuant to 15 U.S.C.A.

§ 1681s(c)(1)(B)(iii) of $1,000 for each willful or negligent violation of the Fair Credit Reporting Act.

VI. Awarding plaintiff its costs, including costs of investigation and attorney's fees, as authorized by 15 U.S.C.A. § 1681s(c)(1)(C) and Minn. Stat. § 8.31, subd. 3a.

VII. Granting such further relief as the Court deems appropriate and just.

Dated: July 15, 2004

Respectfully submitted,

MIKE HATCH
Attorney General
State of Minnesota

CATHERINE M. POWELL
Assistant Attorney General
Atty. Reg. No. 296430

445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2131
(651) 296-2367 (Voice)
(651) 297-7206 (TTY)

ATTORNEYS FOR STATE OF MINNESOTA

AG: #938857-v1

13